## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No.

**TERESA LUEBKE**

　　Infinity,

v.

**GARRISON PROPERTY AND CASUALTY INSURANCE COMPANY**,

　　Defendant.

---

### NOTICE OF REMOVAL

---

Defendant Garrison Property and Casualty Insurance Company ("Garrison"), by its attorneys, respectfully submits this Notice of Removal pursuant to 28 U.S.C. §§ 1332, 1441, and 1446. In support thereof, Garrison states as follows:

### INTRODUCTION

1.　　On February 20, 2026, Plaintiff Teresa Luebke filed a Complaint against Garrison in the District Court for Pueblo County, Colorado, Case No. 2026CV30152, commencing a state court action. (Ex. A, Complaint, pp. 1-14.)

2.　　The Complaint alleges that Garrison issued a homeowners insurance policy to Luebke. (*Id.* at ¶ 8.) Luebke alleges hail and wind damaged her home on or around July 17, 2023. (*Id.* at ¶ 8.) She alleges that Garrison unreasonably delayed and/or denied payment under the policy for alleged damage to her home. (*See generally id.*)

3.      She has asserted claims against Garrison for (1) breach of contract, (2) statutory bad faith, and (3) common law bad faith. (*See id.*) Luebke seeks as damages in this action contractual benefits alleged to be owed under the Garrison policy. (*See id.* ¶¶ 35-38.) She additionally seeks statutory damages under C.R.S. § 10-3-1116 totaling two times the covered benefits, reasonable attorney fees and costs, and additional damages for bad faith. (*See id.* at ¶ 42.)

4.      Based on the allegations of the Complaint, Luebke claims more than $75,000. (S*ee id.* at ¶¶ 16, 42.) Further, Luebke filed a District Court Cover Sheet indicating she is seeking more than $100,000 in damages. (*See* Ex. B, Civil Court Cover Sheet.)

5.      Luebke did not file a Return of Service in the state court action. However, Garrison was served on March 23, 2026.

6.      With the Complaint, Luebke served the District Court Civil Cover Sheet and a Summons. (Summons attached as Ex. C.)

## GROUNDS FOR REMOVAL

7.      "[D]iversity jurisdiction exists only if no plaintiff and no defendant are citizens of the same state—that is, there must be 'complete diversity between all plaintiffs and all defendants.'" *Middleton v. Stephenson*, 749 F.3d 1197, 1200 (10th Cir. 2014) (quoting *Lincoln Prop. Co. v. Roche*, 546 U.S. 81, 89 (2005)). "For purposes of diversity jurisdiction, a person is a citizen of a state if the person is domiciled in that state. And a person acquires domicile in a state when the person resides there and intends to remain there indefinitely." *Id.* (cleaned up); *see Freeman v. Northwest Acceptance Corp.*, 754 F.2d 553, 555 (5th Cir. 1985) (providing that for diversity jurisdiction purposes, citizenship and domicile are synonymous). "[T]he domicile of an

individual is his true, fixed and permanent home and place of habitation. It is the place to which, whenever he is absent, he has the intention of returning." *Vlandis v. Kline*, 412 U.S. 441, 454 (1973). When a domicile is established, there is a rebuttable presumption that the domicile continues. *See Middleton*, 749 F.3d 1197 at 1200.

8.     Removal is accomplished by filing a notice of removal stating the grounds for removal, together with a copy of all papers and orders served on the defendant, which must be filed within 30 days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action is based. 28 U.S.C. § 1446(a), (b)(1).

9.     In this case, removal is proper because this is a civil action in which there is complete diversity of citizenship between the parties and the amount in controversy exceeds $75,000, exclusive of interest and costs. As such, this Court has original jurisdiction pursuant to 28 U.S.C. § 1332. Further, Garrison has complied with the requirements of 28 U.S.C. § 1446.

### *Complete Diversity Between the Parties*

10.     There is complete diversity between the parties in this action, as Luebke is a citizen of Colorado, and Garrison is a citizen of Texas.

11.     Luebke is a citizen of Colorado, as evidenced by the following. Luebke avers in her Complaint that she resides in Colorado and is a citizen of Colorado. (*See* Ex. A, ¶ 1.) Pueblo County Assessor records for 4214 St. Andrews Dr. show Luebke as the owner. (*See* Ex. D, 4214 St. Andrews Dr. Pueblo County Assessor Records.) Luebke's averment that she resides in Colorado constitutes prima facie evidence that she is a citizen of the State of Colorado. *See State Farm Mut. Auto Ins. Co. v. Dyer*, 19 F.3d 514, 520 (10th Cir. 1994) ("[T]he place of residence is

*prima facie* [evidence of] the domicile."); *Kelleam v. Md. Cas. Co.*, 112 F.2d 940, 943 (10th Cir. 1940), *rev'd on other grounds*, 312 U.S. 377 (1941) ("Proof that a person is a resident of a state is prima facie evidence that he is a citizen thereof.").

12. Further, Luebke is registered to vote in Colorado and has been since 1976. (*See* Ex. E, Voter Registration for Teresa Luebke.) Her voting address is listed as 4214 St. Andrews Dr. (*See id.*) Colorado's Uniform Election Code of 1992 (the "Code") governs voting in Colorado. Section 1-2-102(1)(a)(I) of the Code provides: "The residence of a person is the principal home or place of abode of a person. A principal or primary home or place of abode is that home or place in which a person's habitation is fixed and to which that person, whenever absent, has the present intention of returning after a departure or absence, regardless of the duration of the absence." As such, voter registration is persuasive evidence of a person's citizenship because an individual registering to vote must declare, under penalty of perjury, that she has been a resident of the state for a period of time before registration and that the address provided on the registration is the registrant's only place of residence. *See Searle v. CryoHeart Lab'ys, Inc.*, No. 20-cv-03830-PAB, 2021 WL 1589268, at *2–3 (D. Colo. Apr. 22, 2021) (describing Colorado voter registration requirements and explaining why voter registration and voting practices are strong evidence of citizenship, including the potential consequences for lying about one's residency).

13. Garrison is a citizen of the State of Texas. It is organized under the laws of the State of Texas with its principal place of business in, and operating out of, San Antonio, Texas. (*See* Exhibit F, Garrison Record). *See also* 28 U.S.C. § 1332(c)(1) (for purposes of diversity, corporation is deemed to be citizen of every state by which it has been incorporated and of the

4

state where it has its principal place of business); *Hertz Corp. v. Friend*, 559 U.S. 77, 92-93 (2010) ("We conclude that 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.").

14.    The amount in controversy exceeds $75,000. According to her Complaint, Luebke is seeking damages related to an estimate that totals $164,866.22. (Ex. A, ¶ 16.) Additionally, she seeks two times the allegedly covered benefit, attorney fees, and costs. (*See id.* ¶ 42.)

15.    Further, the District Court Civil Case Cover Sheet accompanying the Complaint indicates that Luebke seeks more than $100,000 from Garrison. (Ex. B, District Court Civil Case Cover Sheet.) *See Paros Prop., LLC v. Colo. Cas. Ins. Co.*, 835 F.3d 1264 (10th Cir. 2016) (civil cover sheet is "other paper" from which amount in controversy may be ascertained).

***Procedural Requirements***

16.    Garrison's Notice of Removal is timely filed in accordance with 28 U.S.C. § 1446(b). Garrison was served on March 23, 2026. This Notice of Removal is served within 30 days of that date.

17.    Pursuant to 28 U.S.C. § 1446(a), copies of all process, pleadings and orders served on Defendant in this action are attached, including the Complaint (Ex. A); Civil Case Cover Sheet (Ex. B); Summons (Ex. C.); Garrison's Motion for Extension of Time to Respond to Complaint (Ex. G); Proposed Order on Motion for Extension to Respond to Complaint (Ex. H); and Order on Garrison's Motion for Extension of Time to Respond to Complaint (Ex. I).

18.    Pursuant to 28 U.S.C. § 1446(d), the undersigned hereby certifies that this Notice of Removal has been filed with the Clerk of the Court for Pueblo County District Court and served on Luebke's counsel. (*See* Exhibit J, Notice of Filing of Notice of Removal).

19.     Pursuant to D.C.COLO.LCIVR 81.1, a copy of the register of actions in the Douglas County assigned case number is attached as Exhibit K.

20.     Pursuant to the Pueblo County Trial Court's May 29, 2025 Order, (Exhibit I, Order on Motion for Extension of Time to Respond to Complaint), Garrison's response to Luebke's Complaint is due on May 4, 2026. There are no other pending motions, petitions, responses, replies, or briefs in the state court action, and no hearings are scheduled.

21.     By filing this Notice of Removal, Garrison does not waive any defense that may be available. Garrison has not yet filed an Answer or other response to Luebke's Complaint in the state court action and will file the same with this Court.

WHEREAS, Garrison requests that the above action now pending against it in the District Court for Pueblo County be removed to this Court.

Dated this April 22, 2026                              Respectfully submitted,

                                                                       s/ Kelly L. Kafer

                                                                       _____
                                                                       Kelly L. Kafer, Esq.
                                                                       Jeremy R. Speckhals, Esq.
                                                                       Rider Kafer, PC
                                                                       1512 Larimer Street, Suite 450
                                                                       Denver, CO 80202
                                                                       Phone: (303) 623-1832
                                                                       Fax: (303) 623-1833
                                                                       Email: kkafer@riderkafer.com
                                                                                   jspeckhals@riderkafer.com
                                                                       ATTORNEYS FOR DEFENDANT

6

CERTIFICATE OF SERVICE

      I hereby certify that a true and correct copy of the foregoing was duly served this April 22, 2026, to each of the following:

| | | |
|---|---|---|
| Aaron L. Godbey | ( ) | via U.S. Mail |
| Godbey Giardina Law Group, LLC | (x) | via Electronic Mail |
| 3760 E. 15th St. | ( ) | via Facsimile |
| #201 | ( ) | via Overnight Mail |
| Loveland, CO 80538 | ( ) | via CM/ECF System |
| *Attorney for Infinity* | | |

                                    s/ Felisha Hurtado